NOT FOR PUBLICATION                                                                                          (Doc. No. 10)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| William J. EINHORN,<br>Administrator, Teamsters Health &<br>Welfare Fund of Philadelphia and Vicinity<br><br>Plaintiff,<br><br>v.<br><br>James CONNOR & Donna CONNOR<br><br>Defendants. | Civil No. 15–5910 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion for Default Judgment of William J. Einhorn, Administrator of the Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Plaintiff"). Pursuant to Fed. R. Civ. P. 55(b), Plaintiff seeks the recovery of benefits improperly paid to James and Donna Connor ("Defendants"), as well as attorney's fees and costs, plus interest. For the reasons set forth below, Plaintiff's Motion (Doc. No. 10) is **GRANTED IN PART**. The Court grants default judgment as to liability, attorney's fees, and costs, but reserves judgment on the issue of damages.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This case derives from improperly distributed prescription drug and medical benefits. *See* Compl. ¶ 1. Plaintiff is the Administrator of the Teamsters Health and Welfare Fund of

---

[1] Due to the Clerk's entry of default, the Court accepts as true the facts alleged in the Complaint, except for those relating to damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

1

Philadelphia and Vicinity ("Fund"), an ERISA-qualified "employee welfare benefit Plan" ("Plan"). *Id.* ¶¶ 5–6. Plaintiff is a fiduciary of the Fund, and authorized to bring this action on the Fund's behalf. *Id.* ¶ 6. Mr. Connor was employed by Aramark Uniform Services. *Id.* ¶ 10. He participated in the Fund pursuant to a Collective Bargaining Agreement ("CBA") between Aramark and Teamsters Local Union 676. *Id.* ¶ 10.

The Plan provides for coverage of a beneficiary's spouse so long as they are not separated. *Id.* ¶ 15. "Separated" means "living separate and apart (even under the same roof) with an intent to abandon or terminate the martial relationship." *Id.* The Plan requires participants to notify the Fund in writing if they divorce or separate from their spouse. *Id.* ¶ 17.

The Connors married in January 2007. *Id.* ¶ 13. As a spouse of a beneficiary, Mrs. Connor was eligible for healthcare coverage. *See id.* ¶ 15. The Connors, however, separated in September 2007. *Id.* ¶¶ 14, 16. The couple never notified the Plan of their separation. *See id.* ¶¶ 19–20. They submitted beneficiary and census cards that stated they were married, but failed to note their separated status. *Id.* ¶ 19. The Fund learned of their separation via a census card dated March 9, 2013. *Id.* ¶ 20. On April 18, 2013, Mrs. Connor informed the Fund that Mr. Connor instructed her not to notify the Fund of their separation, so she could continue receiving benefits. *Id.* ¶ 21. Between September 2007 and April 12, 2013, the Fund paid prescription drug benefits and medical benefits on behalf of Mrs. Connor. *Id.* ¶ 18.

When the Fund notified Mr. Connor of the erroneous payments, he appealed the Fund's determination that distributions were improper. *Id.* ¶ 26. On August 8, 2013, the Appeals Committee held a hearing at which Mr. Connor was present and represented by counsel. *Id.* ¶ 27. The Appeals Committee denied Mr. Connor's appeal on November 27, 2013. *Id.* ¶ 28. Neither

Mr. Connor nor Mrs. Connor have repaid or made arrangement to repay the Fund for the money owed. *Id.* ¶ 29.

Plaintiff filed his Complaint on July 31, 2015 (Doc. No. 1). Mrs. Connor was served on August 6, 2015 (Doc. No. 7), and Mr. Connor was served on August 27, 2015 (Doc. No. 8). Both individuals failed to plead or otherwise defend the lawsuit. On October 6, 2015, the Clerk issued an Entry of Default against both Mr. Connor and Mrs. Connor. Plaintiff filed this Motion for Default Judgment (Doc. No. 10) on January 22, 2016.

## II.    DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. Although the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in this Circuit that cases be decided on the merits rather than by default whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If it finds default judgment to be appropriate, the Court will then consider the question of damages.

### A.    The Appropriateness of Default Judgment

#### 1.    Jurisdiction

The Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendants. *See U.S. Life Ins. Co. in City of New York v. Romash*, 2010 WL 2400163 at * 1 (D.N.J. June 9, 2010). This Court has subject matter jurisdiction because Plaintiff's claim for improperly paid medical benefits arises under a federal

statute. *See* 29 U.S.C. § 1451. This Court has personal jurisdiction over Defendants because both are domiciled in New Jersey. *See Milliken v. Meyer*, 311 U.S. 457, 462 (1940).

        **2.**      **Entry of Default**

The Court must ensure that the Clerk properly exercised the entry of default under Federal Rule of Civil Procedure 55(a). Rule 55(a) directs the Clerk of Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Defendants failed to plead or defend this action. Accordingly, the Clerk's appropriately issued the entry of default under Rule 55(a).

        **3.**      **Cause of Action**

The Court must determine whether the Complaint states a plausible cause of action. In conducting this inquiry, the Court accepts as true a plaintiff's well-pleaded factual allegations. *See, e.g.*, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court must ascertain whether the unchallenged facts constitute a legitimate cause of action. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). Plaintiff's suit seeks to recover benefits distributed to Mrs. Connor after the couple separated. In *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, the Third Circuit held that an ERISA fund may recover mistaken payments. *See* 944 F.2d 1176, 1186 (3d Cir. 1991).

A fiduciary is authorized to enforce provisions of a qualified plan. *See* 29 U.S.C. § 1132(a)(3). The Plan provides for spousal beneficiary coverage, but not when the couple is separated. Compl. ¶15. If Defendants followed the Plan's provisions and notified the Fund of their separation, it would not have paid for Mrs. Connor's healthcare. *Id.* ¶ 22. Defendants'

failure to notify the Fund of their separation led to the improper disbursement of healthcare benefits to Mrs. Connor. Plaintiff therefore states a plausible cause of action.

### 4. *Emcasco* Factors

The Court must consider the *Emcasco* factors when determining whether default judgment is appropriate. *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The factors are (1) whether the defaulting party has a meritorious defense, (2) if the plaintiff is prejudiced by not granting the default, and (3) the defaulting party's culpability. *Emcasco Ins. Co.*, 834 F.2d at 74. The Court finds that all three factors favor granting default judgment. First, there is no indication that Defendants have a cognizable defense to Plaintiff's allegations that they purposefully misled the Fund regarding their separation to ensure Mrs. Connor's continued healthcare coverage, contrary to the terms of the Plan. Second, because Defendants wholly failed to answer the Complaint or otherwise appear, Plaintiff suffers prejudice if he does not receive a default judgment. He has no alternative means of vindicating his claim against Defendants. *See Directv v. Asher*, 2006 WL 680533 at *2 (D.N.J. Mar. 14, 2006). Third, Defendants' failure to respond permits the Court to draw an inference of culpability. *See Surdi v. Prudential Ins. Co. of Am.*, 2008 Wl 4280081 at *2 (D.N.J. Sept. 8, 2008). Therefore, the *Emcasco* factors weigh in favor of entering default judgment. Plaintiff is entitled to a default judgment against Defendants.

### B. Damages

Plaintiff seeks $192,872.00 in fraudulently obtained medical benefits, $7,770.00 in attorney's fees, $656.61 in litigation costs, plus interest. The Court is not bound to accept as true Plaintiff's mere allegations concerning damages. *See Comdyne I*, 908 F.2d at 1149. Plaintiff has

failed to submit any documentation supporting his request for $192,872.00 in fraudulently obtained medical benefits. The Court therefore reserves judgment on the issue of actual damages and interest. Plaintiff is directed to file an affidavit supporting his request for an award of actual damages and interest.

ERISA provides "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Matthew D. Areman, Esq., submitted a Declaration detailing his hourly fee, necessarily-incurred hours, and costs. *See* Areman Decl. (Doc. No. 10–2). Plaintiff is entitled to $7,700 in reasonable attorney's fees and $656.61 in costs.

### III.   CONCLUSION

For the reasons explained above, Plaintiff's Motion is **GRANTED IN PART**, as to liability, attorney's fees, and costs. The Court directs Plaintiff to file an affidavit supporting his request for an award of damages and interest.

Dated:   07/19/2016                                          /s Robert B. Kugler
                                                             ROBERT B KUGLER
                                                             United States District Judge